UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　　ORDER

OZMAN NUNEZ,　　　　　　　　　　　　　　No. 10-CR-392-7 (CS)

        Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Osman Nunez's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 1313.)

      Defendant was charged with racketeering, with predicates including murder, attempted murder, murder conspiracy and narcotics conspiracy; racketeering conspiracy; numerous substantive offenses corresponding to the racketeering predicates, including two counts of murder in aid of racketeering; and six firearms offenses under 18 U.S.C. §§ 924(c) and/or (j). (ECF No. 561.) On September 7, 2012, pursuant to a plea agreement, he pleaded guilty to two firearms counts and stipulated to a mandatory minimum sentence of thirty (30) years – five (5) years for the first conviction and twenty-five (25) years, to run consecutively, for the second conviction. (*See* Minute Entry dated 9/7/12.) On January 8, 2013, he was sentenced principally to thirty (30) years' imprisonment. He has served almost thirteen years. He argues that his sentence should be reduced to time served based on his youth at the time of the offense and his chaotic upbringing; his rehabilitation while imprisoned; the risks and prison conditions presented by COVID-19; and the fact that convictions under § 924(c) no longer "stack" – that is, that a second § 924(c) conviction is no longer mandates a twenty-five year consecutive sentence if it is part of the same indictment as the first conviction.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction."  *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant was twenty-two (22) years old at the time of his arrest, and I recognize that at that age, the brain is not fully developed and terrible decisions can result.  Youth at the time of the offense can contribute to a finding of extraordinary and compelling circumstances, *see Brooker*, 976 F.3d at 238, particularly where the crimes were "split-second" and "hot-headed," *United States v. Ramirez*, 571 F. Supp. 3d 40, 48-49 (S.D.N.Y. 2021).  That was not the case here, as the conduct – membership in a violent gang over a period of years, including regular

drug dealing and shootings arranged in advance – was planned. Defendant's upbringing was difficult – he immigrated to this country at age eight (8) to live parents he barely knew, and there was violence in the home – and that can also contribute to a finding of extraordinary and compelling circumstances. *Id.* at 50-51. But the circumstances of Defendant's youth and upbringing are, sadly, not so unusual as to amount (alone or in combination with other factors) to extraordinary and compelling reasons.

Defendant also points to his work, including tutoring of others, and participation in programming in prison. "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C.A. § 994(t), but I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction. *See United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*). Defendant's work and participation in programming is commendable, but not exceptional or even unusual. Further, Defendant's claim to rehabilitation is undermined by his disciplinary history. I do not have his full disciplinary record, but what I do have shows that over the last ten years, he has been the subject of eleven (11) incident reports, six (6) of which were characterized as serious. (ECF No. 1313 at 47.) As recently as August 22, 2022, he was disciplined for possessing a hazardous tool. (*Id.* at 42.)[1]

---

[1] Moreover, the gross understatement in his characterization of his case as involving "some nature of violence," (ECF No. 1313 at 33), and his apparent belief that his sentence for the deaths of two people (among other things) would appropriately be reduced to time served of less

Defendant's argument that his sentence should be reduced because "[i]f sentenced today [he] would not be subject to stacked 18 U.S.C. § 924(c) sentences of 30 years," (ECF No. 1313 at 10), is frivolous. It is true that the First Step Act eliminated the "stacking" provisions for second and subsequent convictions in the same charging instrument, although that change was not made retroactive. *See United States v. Watts*, No. 92-CR-767, 2023 WL 35029, at *6 (E.D.N.Y. Jan. 4, 2023). Whereas previously a second conviction in the same case mandated a consecutive twenty-five (25) year term, now it only mandates a consecutive five (5) year term. It is also true that in some cases that change could amount to an extraordinary and compelling circumstance. *See id* at 7. But this is not such a case. The thirty-year sentence here was the product of a plea bargain. Given the severity of the conduct, and the pleas accepted by other Defendants, it is inconceivable that the Government would have been amenable to a ten-year sentence in Defendant's case. If he were facing the case today, he never would have been offered the disposition to which he and the Government agreed back in 2012. In his plea agreement, Defendant not only agreed to a minimum sentence of thirty (30) years, but also promised not to make any motions under 18 U.S.C. § 3582(c) if he received that sentence, as he did. I need not address whether that waiver is enforceable, as I cite it only to show that the parties' clear intention that Defendant serve thirty (30) years undermines any argument that the First Step Act, had it been in place in 2012, would have resulted in Defendant being offered and receiving a ten (10) year sentence. Two of the charges that the Government dropped in exchange for the plea carried mandatory life sentences.[2]

---

than thirteen (13) years, (*see, e.g., id.* at 3, 5, 10), lead me to doubt that he has genuinely come to terms with his conduct and fully accepted responsibility.

[2]The co-defendants named in those counts who went to trial were convicted of them.

It is absurd to suggest that, because the parties structured the agreed-upon thirty (30) year sentence using two § 924(c) counts, Defendant would "if sentenced today" be eligible for, let alone receive, a ten-year sentence.

      Finally, the conditions implemented during the pandemic do not elevate Defendant's situation to the level of extraordinary or compelling. I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

      The reasons advanced by Defendant, individually or collectively, do not amount to extraordinary and compelling circumstances. But even if they did, I would still have to consider the § 3553(a) factors. They strongly militate against reduction of Defendant's sentence less than halfway into that sentence. Defendant was not just a member of a violent gang for years, but was a leader, rising the position of "Third Crown," or warlord, responsible for the gang's violence. He personally shot at a rival drug dealer; gave a gun to a fellow gang member to use in a turf battle with a rival gang; instructed a fellow gang member to assault a rival, resulting in that rival being stabbed; sent two aspiring gang members on a mission to shoot at a rival gang, resulting in one of them being shot and killed; planned and assisted in the assassination of the other, including arranging for the gun, recruiting the shooter and walking the victim to his death; retrieved the guns after both murders; and put large quantities of crack and heroin into circulation. (Presentence Report ¶¶ 37-41.) A very significant sentence is necessary to reflect the seriousness of the offense; provide just punishment; promote respect for the law; provide

deterrence and protect the public from further crimes. In short, if there were extraordinary and compelling circumstances, the § 3553(a) factors would far outweigh them.[3]

For the reasons state above, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 1313, and to send a copy of this Order to Osman Nunez, No. 88372-054, FCI Forrest City Medium, Federal Correctional Institution, P.O. Box 3000, Forrest City, AR  72336.

Dated: February 2, 2023
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.

---

[3] I recognize that I could reduce Defendant's sentence without going as far as reducing it to time served, but I see no reason to do so.